**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GEORGIA JANISSE,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 26-cv-02787

**Judge Matthew F. Kennelly**

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff GEORGIA JANISSE ("Janisse" or "Plaintiff") against the defendants identified on Amended Schedule A, and using the Online Marketplace Accounts identified on Amended Schedule A (collectively, the "Defendant Internet Stores"), and Janisse having moved for entry of Default and Default Judgment against the defendants identified on Amended Schedule A attached hereto (collectively, "Defaulting Defendants");

Janisse having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allega5/tions of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Janisse has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Janisse's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-455-167 and VA 2-455-165 (the "Georgia Janisse Works") to residents of Illinois. In this case, Janisse has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Georgia Janisse Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Georgia Janisse Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Janisse's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the Georgia Janisse Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Georgia Janisse product or not authorized by Janisse to be sold in connection with the Georgia Janisse Works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Georgia Janisse product or any other product produced by Janisse, that is not Janisse's or not produced under the authorization, control, or supervision of Janisse and approved by Janisse for sale under the Georgia Janisse Works;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Janisse, or are sponsored by, approved by, or otherwise connected with Janisse; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Janisse, nor authorized by Janisse to be sold or offered for sale, and which bear any of Janisse's copyrights, including the Georgia Janisse Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Payments, Inc. ("Walmart") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Georgia Janisse Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Georgia Janisse Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Georgia Janisse product or not authorized by Janisse to be sold in connection with the Georgia Janisse Works.

3. Upon Janisse's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Georgia Janisse Works.

4. Pursuant to 17 U.S.C. § 504 (c)(2), Janisse is awarded statutory damages from each of the Defaulting Defendants in the amount of twenty-five thousand dollars ($25,000) for willful use of infringing Georgia Janisse Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.  All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon and Walmart, are hereby released to Janisse as partial payment of the above-identified damages, and Third Party Providers, including Amazon and Walmart, are ordered to release to Janisse the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.  Until Janisse has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Janisse shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.  In the event that Janisse identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Janisse may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Dated:  5/28/2026

_____
Matthew F. Kennelly
United States District Judge

**Amended Schedule A**

| No. | Defendant |
| --- | --- |
| 1 | Zhoukou Wujiao Trading Co., Ltd |
| 2 | huizefencaishangmaojingyingbu |
| 3 | yfyh |
| 4 | juxux |
| 5 | 范书柜收纳 |
| 6 | hubeizihongyinwuyouxian |
| 7 | luoheminfushangmaoyou |
| 8 | hongfajiadian |
| 9 | xuchangdingxiazhuangshigongcheng |
| 10 | yiwushiqiafengmaoyiyouxiangongsi |
| 11 | tatyrn |
| 12 | Hitop Mall-US |